IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JEWEL GRACE HARRIS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**WAL-MART STORES EAST LP,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:19-cv-00144-TES** |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Wal-Mart Stores East LP's ("Wal-Mart") Motion for Summary Judgment [Doc. 22]. This matter concerns a slip and fall at a Wal-Mart Supercenter in Thomaston, Georgia and whether Wal-Mart took reasonable precautions to prevent the accident. After reviewing the parties' submissions, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 22].

BACKGROUND

On December 27, 2017, Plaintiff entered the Wal-Mart to have a prescription filled. [Doc. 22-2, Harris Depo., pp. 50:24—51:3, 52:14]. Plaintiff proceeded down the main aisle, which separates the registers from the clothing sections. [*Id.*, pp. 53:13—17, 54:6—18]; *see* [Doc. 23]. Plaintiff then fell in a small puddle of water. [Doc. 22-2, Harris Depo., pp. 54:15—55:2]. Plaintiff stated she did not see the puddle until after she fell.

[*Id.*, p. 55:21—24]. A surveillance camera recorded the fall. [Doc. 23, 01:05:06 PM].

Harris then recalled people—including a Wal-Mart employee—asking her if she was okay. [Doc. 22-2, Harris Depo., pp. 58:3—13, 64:16—18]. Harris averred that the fall injured her neck and right knee. [*Id.*, pp. 35:24—36:14].

As there is ample evidence of a fall and corresponding cause, the question turns to whether Wal-Mart knew of the hazard and took adequate steps to attempt to prevent the accident. As already mentioned, the fall occurred at approximately 1:05 p.m. Approximately six minutes earlier, Billie Jean Adams, an assistant manager at the Wal-Mart, can be seen on video surveying the area next to where the fall took place. [Doc. 23, 12:59:25 AM—12:59:48 AM]. Relying heavily on the video evidence and Adams' inspection, Wal-Mart now moves for summary judgment.

## DISCUSSION

### A. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmovant and a fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering this motion, "the evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255. However,

the Court need not draw "all possible inferences" in favor of the nonmovant. *Horn v. United Parcel Servs., Inc.*, 433 F. App'x 788, 796 (11th Cir. 2011). Further, when a video recording exists of the pertinent events—as in this case—the Court "views the facts in the light depicted by the videotape." *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

The movant "bears the initial burden of informing the district court of the basis for its motion[] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the nonmovant "to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Jones*, 683 F.3d at 1292 (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2012)).

**B.   Analysis**

Although Plaintiff presents sufficient evidence to support a jury's finding of a fall caused by the puddle, there is no evidence Wal-Mart had actual or constructive knowledge of the hazard, which defeats Plaintiff's claim. *Sunlink Health Sys., Inc. v. Pettigrew*, 649 S.E. 2d 532, 534 (Ga. Ct. App. 2007) ("In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of a proprietor").

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1. To prevail on a claim for negligence in a slip and fall case in Georgia, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 493 S.E.2d 403, 414 (Ga. 1997).

In this case, Plaintiff only argues that Wal-Mart had constructive knowledge of the hazard on the floor. [Doc. 25-1, p. 5]. "Constructive knowledge may be shown by demonstrating that (1) an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition prior to the fall, or (2) the hazardous condition had existed for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises." *Kroger Co. v. Schoenhoff,* 751 S.E.2d 438, 440 (Ga. Ct. App. 2013) (quoting *Benefield v. Tominich*, 708 S.E.2d 563, 566-67 (Ga. Ct. App. 2011)). Under the first method of showing constructive knowledge, plaintiff must show more than the mere presence of defendant's employees in the area; there must have been a reasonable opportunity to discover and remove the hazard. *Mitchell v. Food Giant, Inc.,* 337 S.E.2d

4

353, 356 (Ga. Ct. App. 1985). "[U]nder the second method of showing constructive knowledge, plaintiffs must produce evidence from which the jury may infer that a reasonable inspection procedure was not in place or was not followed and the length of time the substance had been on the floor." *Id*. (quoting *Davis v. Bruno's Supermarkets, Inc.*, 587 S.E.2d 279, 281 (Ga. Ct. App. 2003)). " '[W]here the evidence raises the inference that the foreign substance was discoverable pursuant to a reasonable inspection, a jury issue arises as to whether the defendant had constructive knowledge of what a reasonable inspection would have revealed.' " *Schoenhoff*, 751 S.E.2d at 441 (quoting *Kroger Co. v. Brooks*, 500 S.E.2d 391, 396 (Ga. Ct. App. 1998)); *see also Williams v. GK Mahavir Inc.*, 726 S.E.2d 71, 75 (Ga. Ct. App. 2012) ("But in order to withstand a motion for summary judgment, a plaintiff need not show how long the hazard had been present unless the owner has demonstrated that reasonable inspection procedures were in place and followed at the time of the incident.") (footnote omitted).

    **1.**    **Employees in the Immediate Area and Opportunity to Discover**

Plaintiff argues that at least three Wal-Mart employees were in the immediate vicinity of the puddle and could have easily discovered it: (1) Adams, (2) another employee Adams was speaking with at the time of her inspection, and (3) the employee that asked Plaintiff if she was okay after the fall. [Doc. 25-1, pp. 8—11]; [Doc. 22-1, Adams Decl., ¶ 8].

5

But Plaintiff cannot succeed under the first method for showing constructive knowledge because there is no evidence that Wal-Mart's employees had an opportunity to correct the hazard, even if they were in the vicinity. *See Edwards v. Wal-Mart Stores*, 449 S.E.2d 613, 614 (Ga. Ct. App. 1994) ("Although it is undisputed that a Wal-Mart employee named Reba was in the immediate vicinity where Ms. Edwards fell, there is no statement by Reba and the evidence is otherwise inconclusive as to whether she could easily have seen the hangers."). Plaintiff has produced no evidence that anyone could have seen the puddle of water. Plaintiff—in her deposition—even stated that she did not know whether the puddle would have been visible from five or ten feet away. [Doc. 22-2, Harris Depo., pp. 58:14—59:7]. Further, Plaintiff stated the puddle was clear liquid and could not recall its size. [*Id.*, pp. 56:25—57:19]. While Plaintiff stated a Wal-Mart employee asked her if she was okay after the fall, this does not show that the employee could have seen what caused the harm. [*Id.*, p. 58:3—13]. Based on the evidence before the Court, a Wal-Mart employee would have to have been right next to the puddle to discover it. The record does not contain any evidence that an employee was close enough to the puddle to see it, and the video does not show an employee that could have discovered the hazard between Adams' inspection and Plaintiff's fall. [Doc. 23, 12:59:48 AM—1:05:04 PM].

Plaintiff further argues that Adams' inspection shows an employee could have discovered the hazard. However, evidence that Adams scanned the vicinity six minutes

6

before the fall is insufficient because Plaintiff has pointed to no evidence that Adams could have discovered a spill. The video evidence does not display an easily identifiable spill. [Doc. 23, 12:59:25 AM—12:59:48 AM]. Further, Adams declared that she did not find any liquids present at the time of her inspection. [Doc. 22-1, Adams Decl., ¶¶ 7—9]. Additionally, as Defendant correctly points out, the spill could have occurred after Adams' inspection, especially in a highly-trafficked area in the store.

Here, Plaintiff attempts to rely on speculation about how long the puddle was present and whether Wal-Mart employees could have discovered the puddle with a thorough inspection. *Thacker v. Wal-Mart Stores E., Inc.*, No. 1:17-CV-2008-CC, 2019 WL 1996698, at *6 (N.D. Ga. Mar. 19, 2019) (Finding that the "presence of [a] purported Wal-Mart employee in the area [of the hazard] 43 seconds before the fall [wa]s immaterial" when Plaintiff merely assumed the hazard was present and failed to provide any evidence of how long the hazard was present). Absent any evidence that the spill existed at the time of Adams' inspection, a reasonable jury could not find that Adams (or the employee Adams was speaking with) had an opportunity to discover the hazard.

Accordingly, Plaintiff has presented no evidence that a Wal-Mart employee was in the vicinity *and* could have discovered the hazard.

### 2.     Reasonable Care in Inspecting the Premises

Next, the Court turns to whether Defendant took reasonable care inspecting the premises. Plaintiff argues that (1) a reasonable inspection would have discovered the hazard, (2) Wal-Mart did not produce any inspection logs, and (3) Wal-Mart only relies on Adams' inspection to show a reasonable inspection took place just before the accident. [Doc. 25-1, pp. 2, 16]. In her affidavit, Adams testified that she followed the Wal-Mart training procedures for detecting slip and trip hazards on the day of the accident. [Doc. 22-1, Adams Decl., ¶¶ 2, 7].

"A defendant's constructive knowledge can be inferred if 'there is evidence that the owner lacked a reasonable inspection procedure.' " *Allen v. Wal-Mart, Inc.*, No. 2:18-cv-164-RWS, 2020 WL 247006, at *5 (N.D. Ga., Jan. 16, 2020) (quoting *Thacker*, 2019 WL 1996698, at *4). "In order to prevail at summary judgment based on lack of constructive knowledge, the owner must [normally] demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident." *Shepard v. Winn Dixie Stores, Inc.*, 527 S.E.2d 36, 38 (Ga. Ct. App. 1999)).

However, where "a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall," Georgia courts "have held that the inspection procedure was adequate as a matter of law." *Brown v. Host/Taco Joint Venture*, 699 S.E.2d 439, 443 (Ga. Ct. App. 2010) (quoting *Markham v. Schuster's Enters.*, 601 S.E.2d 712, 713 (Ga. Ct. App. 2004)); *see Green v. Big Lots Stores, Inc.*, No. 5:17-cv-00344-TES, 2018 WL

5779516, at *4 (M.D. Ga. Nov. 2, 2018) (collecting cases granting summary judgment, regardless of any inspection program, when an employee had inspected the area 15 to 20 minutes before the fall); *Thacker*, 2019 WL 1996698, at *6. Here, the uncontroverted evidence is that Adams inspected the floor six minutes before the fall. While Plaintiff argues that Adams' inspection was inadequate based on the video evidence, Plaintiff has presented no evidence as to how long the hazard existed, and courts have held similar scans of an area, like the one performed by Adams, constitutes reasonable diligence for identifying slip hazards. *Brown v. Wal-Mart Stores*, 1:16-cv-111-WSD, 2017 WL 386647, at *5 (N.D. Ga. Jan. 27, 2017); *Allen*, 2020 WL 247006, at *5; *Big Lots Stores, Inc.*, 2018 WL 5779516, at *4.

Plaintiff cites to *Gilbert v. Automotive Purchasing Serv.*, 563 S.E.2d 906 (Ga. Ct. App. 2002) to argue that it is for a jury to decide whether a defendant's inspection was inadequate when the inspection failed to disclose the hazard. [Doc. 25-1, pp. 16—19]. In *Gilbert*, the Georgia Court of Appeals held "it is for a jury to determine whether the [store] employee conducted a cursory and inadequate inspection which failed to disclose the substance upon which [plaintiff] slipped and whether the substance was discoverable upon a reasonable inspection." *Gilbert*, 563 S.E.2d at 909. However, *Gilbert* concerned a plaintiff who fell in a cleaning compound, and the evidence showed the defendant cleaned the floor the night before the plaintiff's fall. *Id.* at 908. Here, there is no evidence that the hazard existed before Adams' investigation, Defendant was

responsible for the puddle, or Defendant should have been aware of the particularized risk. *See Schoenhoff*, 751 S.E.2d at 441. Accordingly, *Gilbert* does not change the Court's analysis. Based on the facts presented in this case, the Court finds Adams' inspection reasonable as a matter of law. Thus, the Court finds that Adams' inspection establishes—as a matter of law—that Wal-Mart had adequate inspection procedures.

## CONCLUSION

For the reasons explained above, Wal-Mart is entitled to summary judgment because Plaintiff cannot establish that Wal-Mart had actual or constructive knowledge of the puddle. Therefore, the Court **GRANTS** Defendant's Motion for Summary Judgment [Doc. 22].

**SO ORDERED** this 1st day of September, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**